UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMITRIUS R. WHITFIELD, | |
| *Plaintiff*, | **MEMORANDUM & ORDER** |
| – against – | 26-cv-02103 (NCM) (PCG) |
| KAISER CORP., | |
| *Defendant.* | |
| DEMITRIUS R. WHITFIELD, | |
| *Plaintiff*, | 26-cv-02125 (NCM) (PCG) |
| – against – | |
| CDC (DISTRICT OF COLUMBIA), | |
| *Defendant.* | |

**NATASHA C. MERLE**, United States District Judge.

On April 9, 2026, Plaintiff Demetrius Whitfield, proceeding *pro* se, filed the above-captioned actions against Kaiser Corp. and CDC.[1] *See generally* Compl., ECF No. 1.[2] On May

---

[1]     The Complaint does not explain whether "CDC" is an acronym or the full name of a defendant.

[2]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

18, 2026, Plaintiff applied to proceed *in forma pauperis* ("IFP") in the CDC Action and on June 2, 2026, he did so in the Kaiser Action. ECF No. 5. Plaintiff's applications to proceed IFP are granted. However, for the reasons set forth below, both Complaints are dismissed.

## BACKGROUND

The Kaiser Complaint states "Violations: Consumer protection[,] Inter-loctorial [sic] Jurisdiction[,] Misrepresentation of Info[,] Identity Theft," and "States Involved: California, Washington DC, Washington State, Maryland, [and] Virginia." Compl. 1. The Complaint references "Attached Docs," [sic] but the only document attached is plaintiff's Short Form IFP application. Compl. 2-3.

The CDC Complaint states: "Violations: Misrepresentation of Info[,] . . . Identity theft[,] consumer protection violations[,] Multi-Jurisdiction[,] Multi-loctorial [sic] violations." Compl. 1. The Complaint refers to several locations including "California, Washington State, Washington DC, Maryland, New York, New Jersey, Virginia, Kentucky;" references the "Beveins Act [sic]; Gamble v. United State[s] Supreme Court;" and contains other unintelligible words. Compl. 1. Plaintiff seeks $100,000,000 "following Master Card/Visa settlement and/or line of credit." Compl. 1.

Neither Complaint provides additional insight into the claims.

## LEGAL STANDARD

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* litigants special consideration, the Court must look for the strongest arguments in the complaint. *Id.*;

*Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[3]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is

---

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's actions in their entirety because, even if construed liberally, they fail to meet Rule 8's minimal pleading requirements. Plaintiff fails to provide a "short and plain" statement of his claims against defendants so that they have a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. He has neither asserted facts that suggest a violation of his constitutional rights or federal law, nor linked defendants to any such violation. The Court is unable to determine exactly what claims plaintiff is attempting to allege and thus cannot evaluate whether plaintiff's allegations state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Even liberally construing plaintiff's Complaints in his favor, he fails to state a claim upon which relief can be granted. Plaintiff's Complaints are therefore dismissed.

The Court has considered affording plaintiff an opportunity to amend these complaints. In just the past five months, plaintiff has filed eight other complaints without paying the filing fee. *See* 26-cv-00471, 26-cv-01079, 26-cv-01080, 26-cv-02968,

4

26-cv-03139, 26-cv-03143, 26-cv-03242, 26-cv-03296. Given his litigation history and because the Complaints' defects are unlikely to be cured by amendment, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

Further, the Court warns plaintiff, yet again, against filing future unintelligible IFP complaints. This Order shall serve as a final warning that the Court hopes will deter plaintiff from further incomprehensible filings. Should he persist in filing unintelligible actions in this Court, the Court may direct plaintiff to show cause why the Court should not enter an Order barring the acceptance of any future IFP complaints for filing in this Court without first obtaining leave of the Court. 28 U.S.C. § 1651.

## CONCLUSION

For the reasons stated above, the Complaints are dismissed because they fail to comply with Rule 8 of the Federal Rules of Civil Procedure and fail to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, plaintiff is warned that he may not continue to squander scarce judicial resources.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

5

The Clerk of Court is respectfully directed to enter judgment, close these cases, mail

a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:        July 1, 2026
              Brooklyn, New York